AFFIRM; and Opinion Filed July 8, 2013.



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-12-00324-CV

**ALVIN LEE, Appellant**

**V.**

**CHAI SUKUMPANTANASARN, Appellee**

On Appeal from the 14th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-10-09977-A

## MEMORANDUM OPINION

Before Justices O'Neill, Francis, and Fillmore
Opinion by Justice O'Neill

Appellant Alvin Lee lived in a duplex owned by appellee Chai Sukumpantanasarn. In June of 2009, the bedroom ceiling of the duplex collapsed on appellant causing him injuries. Appellant filed a premises liability lawsuit asserting appellee owned the duplex and therefore, because appellant was an invitee, appellee owed him a duty to either adequately warn him of an unreasonably dangerous condition or make the unreasonably dangerous condition reasonably safe.

Appellee filed a traditional and no-evidence motion for summary judgment. The trial court granted appellee's traditional motion for summary judgment. In a single issue, appellant argues the trial court misapplied Texas Property Code chapter 92 because chapter 92 does not apply to personal injury causes of action. Because the applicable law is well-settled and the facts

are known to both parties, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4. We affirm the trial court's judgment.

Appellee moved for summary judgment on the grounds that (1) appellee was not in control of the duplex at the time of the incident; (2) according to the terms of the lease, appellant was solely responsible for all necessary repairs to the interior of the duplex; and (3) appellee did not owe a duty under chapter 92 to appellant because appellant failed to satisfy various provisions of the property code, including failure to give notice of the incident and delinquency of lease payments. The trial court granted the traditional motion for summary judgment but did not specify the grounds on which it rendered it.

On appeal, appellant has only challenged the application of chapter 92 of the property code. Appellee responds that appellant's failure to respond and negate the other arguments raised in his motion for summary judgment results in an affirmance. We agree with appellee.

When more than one ground is asserted in a motion for summary judgment and the trial court does not specify the grounds on which it rendered summary judgment, an appellant must challenge each ground asserted. *Worldwide Asset Purchasing, LLC v. Rent-A-Car Center E., Inc.*, 290 S.W.3d 554, 569 (Tex. App.—Dallas 2009, no pet.); *see also Walker v. Town N. Bank, N.A.*, No. 05-10-01174-CV, 2012 WL 3536183, at *2 (Tex. App.—Dallas Nov. 6, 2012, no pet.) (mem. op.). If an appellant fails to challenge one of the grounds for summary judgment, an appellate court may affirm the summary judgment on that ground alone. *Worldwide Asset*, 290 S.W.3d at 569.

Here, appellee's motion for summary judgment did not rely on chapter 92 of the property code alone but also argued summary judgment was appropriate because appellant was responsible for repairs under the lease and appellee owed no common law duty to appellant because appellee did not have control over the premises. Appellant has not challenged these

–2–

grounds for summary judgment. Applying the appropriate standard of review, we must conclude the trial court did not err when it granted the traditional motion for summary judgment in favor of appellee because appellant has not challenged every possible ground for the trial court's judgment. *Id.*

In reaching this conclusion, we are not persuaded by appellant's reply argument that "the court based its decision on appellant's failure to provide summary judgment evidence that he provided *written notice* of the leak in the roof as required by the lease. (CR. 159)." Appellant's citation to the clerk's record does not support his contention. Rather, he merely cites to his "motion for new trial/reconsideration of court's grant of defendant's traditional motion for summary judgment." Nothing within the motion, other than appellant's interpretation of the trial court's alleged ruling, indicates the specific grounds for which the trial court granted summary judgment.

We likewise are not persuaded by his contention that "the appellate record is replete with the summary judgment evidence addressing those matters in the trial court." The law is clear that it is appellant's burden to challenge every possible ground upon which the trial court could have granted summary judgment. *Id.* Moreover, it is not the duty of the appellate court to make arguments for either side or to make an independent search of the record for evidence to support appellant's position. *See Kupchynsky v. Nardiello*, 230 S.W.3d 685, 692 (Tex. App.—Dallas 2007, pet. denied); *see also Margetis v. Petterson*, No. 05-10-01281-CV, 2011 WL 5009797, at *1 (Tex. App.—Dallas Oc. 21, 2011, no pet.). Appellant's sole issue is overruled.

The judgment of the trial court is affirmed.

/Michael J. O'Neill/
_____
MICHAEL J. O'NEILL
JUSTICE

120324F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALVIN LEE, Appellant

No. 05-12-00324-CV        V.

CHAI SUKUMPANTANASARN, Appellee

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-10-09977-A.
Opinion delivered by Justice O'Neill,
Justices Francis and Fillmore participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee CHAI SUKUMPANTANASARN recover his costs of this
appeal from appellant ALVIN LEE.


Judgment entered this 8th day of July, 2013.


/Michael J. O'Neill/
_____
MICHAEL J. O'NEILL
JUSTICE